**Federal Defenders
OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director
and Attorney-in-Chief*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

November 23, 2020

> The case is hereby stayed pending a final judgment in Mr. Thompson's criminal case. Mr. Thompson's time to answer or otherwise respond to the Complaint in this action is adjourned until that time. SO ORDERED.
>
> *Loretta A. Preska* 11/24/2020

**VIA ECF and EMAIL**
Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   <u>Caleb and Brown Pty. Ltd. v. Thompson et al</u>, 20 Civ. 8612 (LAP)

Dear Judge Preska:

We write on behalf of Defendant J. Barry Thompson to request a stay of this proceeding pending resolution of Mr. Thompson's pending criminal case.

Our office was appointed to represent Mr. Thompson in <u>United States v. Thompson</u>, 19 Cr. 698 (ER), a criminal case pending in front of the Honorable Edgardo Ramos. Mr. Thompson has pled guilty to one count in that case and three counts remain open. Sentencing is scheduled for January 7, 2021.

Plaintiff's Complaint in this action includes numerous allegations about facts at issue in Mr. Thompson's pending criminal case and asserts claims premised on the purported underlying facts in Mr. Thompson's criminal case. *See, e.g.*, Doc. 1 ¶ 160 (alleging that "Defendants' scienter may also be inferred from the Criminal Action"); *see also id.* ¶¶ 15, 125–32, 165–66 (allegations premised on or relating to the pending criminal action). The facts and substance of this matter are thus interwoven with the allegations and pending counts in Mr. Thompson's criminal matter.

These facts and allegations are also the subject of previously filed and still-pending arbitration proceedings. Those proceedings are stayed pending the conclusion of Mr. Thompson's criminal case. A copy of the arbitrator's decision staying those proceedings is attached as Exhibit A. Plaintiff is represented by the same counsel in the stayed arbitration and the instant case. Counsel requested that the stay be lifted after Mr. Thompson's plea to one count. The Arbitrator declined to lift the stay, noting that three counts would remain open until the conclusion of the criminal case at Mr. Thompson's sentencing. An email exchange with the Arbitrator, which included counsel of record in this case, is attached as Exhibit B.

This Court previously stayed proceedings in the action titled <u>Commodity Futures Trading Commission v. Thompson</u>, 19 Civ. 9052 (LAP), at the request of the United States Attorney's Office, until the conclusion of the criminal case. *See* Doc. 11, <u>Commodity Futures Trading Commission v. Thompson</u>, 19 Civ. 9052 (LAP) (S.D.N.Y.). Mr. Thompson consented to the lifting of that stay in order to simultaneously resolve that case on a no-admit basis, without the Court making any factual findings except insofar as facts were established in connection with Mr. Thompson's plea in the

Hon. Loretta A. Preska  
November 23, 2020  
Page 2

**Re:    Caleb and Brown Pty. Ltd. v. Thompson et al, 20 Civ. 8612 (LAP)**

criminal case. Because no further proceedings were to take place in the CFTC matter and the case was to be resolved without any factual findings, the lifting of the stay in the CFTC matter did not implicate Mr. Thompson's Fifth Amendment rights on the open counts in the criminal case the way proceeding with this new civil action would.

When a criminal investigation has ripened into an indictment, "the weight of authority in [the Second Circuit] indicates that courts will stay a civil proceeding." *In re Marceca*, 131 B.R. 774, 778 (S.D.N.Y. 1991) (citations omitted). As then-District Judge Lynch observed:

> When a defendant has been indicted, his situation is particularly dangerous, and takes a certain priority, for the risk to his liberty, the importance of safeguarding his constitutional rights, and even the strain on his resources and attention that makes defending satellite civil litigation particularly difficult, all weigh in favor of his interest. Moreover, if the potential prejudice to the defendant is particularly high post-indictment, the prejudice to the plaintiff of staying proceedings is somewhat reduced, since the criminal litigation has reached a crisis that will lead to a reasonably speedy resolution.

*Sterling Nat. Bank v. A-1 Hotels Intern., Inc.*, 175 F. Supp. 2d. 573, 577 (S.D.N.Y. 2001) (citing the Speedy Trial Act, 18 U.S.C. §§ 3161-74).

On advice of counsel, Mr. Thompson has asserted his Fifth Amendment rights with respect to the open counts in the criminal case and, given the overlap between the criminal case and this proceeding, his Fifth Amendment rights will be "implicated any time that he testifies or responds to discovery requests that are admissible to prove that he engaged in the conduct alleged in the indictment." *In re SK Foods, L.P.*, 2010 WL 5136189, at *7 (E.D. Cal. Dec. 10, 2010). His rights in the criminal case would be particularly at risk if he were to participate in this proceeding without counsel. Because we are a public defender office, our representation of Mr. Thompson is limited to the criminal case, so we cannot assist him in this proceeding.

In consequence, we respectfully request that Your Honor stay this proceeding pending final judgment in the criminal case. We note that the electronic docket indicates that the deadline for Mr. Thompson to answer or otherwise respond to the Complaint in this action is November 24, 2020, which we respectfully request the Court adjourn.

We would be pleased to provide the Court with updates on the progress of the criminal case, either at fixed intervals or at its conclusion, whichever Your Honor prefers. Please do not hesitate to contact us if more information or a particular form of motion is required.

Hon. Loretta A. Preska November 23, 2020
Page 3

**Re:** <u>**Caleb and Brown Pty. Ltd. v. Thompson et al, 20 Civ. 8612 (LAP)**</u>

Thank you for your time and consideration of this request.

                                                      Respectfully submitted,
                                                      /s/
                                                      Peggy Cross-Goldenberg
                                                      Supervising Trial Attorney
                                                      (212) 417-8732

CC: Counsel of Record (via ECF and email)

# EXHIBIT A



| | |
|---|---|
| Caleb & Brown Pty., LTD | : |
| Claimant | : |
| | : JAMS ARBITRATION |
| v. | : REF # 1450005984 |
| | : |
| Volantis Escrow Platform, LLC | : |
| J. Barry Thompson | : |
| | : |
| Respondents. | : |

# ORDER RE RENEWED MOTION TO STAY

**Counsel for Claimant:**
Seth Morgan Kaplowitz, Esquire
Darya Kapulina-Filina, Esquire
Kaplowitz Firm PC
1359 Broadway
Suite 2001
New York, NY 10018
Telephone: 212-391-9693

**Pro Se Respondent:**
J. Barry Thompson
Volantis Escrow Platform, LLC
131 West Burke St.
Easton, PA 18042
Telephone: 917-362-5168

**Arbitrator:**
Hon. Patricia McInerney (Ret.)
JAMS
1717 Arch St., Suite 3810
Philadelphia, PA  19103
Telephone: 215-246-9494 Fax: 215-246-0949

**Case Manager:**
Alyssa DeTreux
JAMS
1717 Arch St., Suite 3810
Philadelphia, PA 19103
Telephone: 215-246-9494 Fax: 215-246-0949

## ORDER RE RENEWED MOTION TO STAY

This matter comes before JAMS arbitrator Hon. Patricia McInerney, (Ret). pursuant to Respondents' <u>Renewed Motion to Stay the Proceedings Pending the Outcome of the Criminal Proceedings</u>.

On July 29, 2019 counsel for Respondents, Andrew Soven, Esq., requested a stay of the within Arbitration because Mr. Thompson had been arrested in a criminal matter. Claimant opposed the request and the stay was denied in a written order issued July 31, 2019.

On August 15, 2019, because Mr. Thompson was subsequently indicted in the Southern District of New York in that same criminal matter, Respondents' counsel, Andrew Soven, Esq., filed a Renewed Motion to Stay on his behalf. Claimant opposed the Renewed Motion to Stay but on September 10, 2019, this Arbitrator issued an Order granting a temporary stay until October 7, 2019.

A conference call was held on October 7, 2019. During the call Mr. Soven indicated he might be withdrawing from the case, renewed his request for a stay pending the outcome of the criminal matter, and stated he was not letting his client respond to discovery requests. He informed the Arbitrator that Mr. Thompson was not paying him, and that Mr. Thompson was appointed a federal public defender to represent him in the criminal matter. He further stated Mr. Thompson's bond was unsecured, and an investigation of assets by the Pre-Trial office of the Southern District prior to appointing counsel for Mr. Thompson, determined Mr. Thompson owned a house valued at approximately 350,000 dollars in which he had about 100,000 dollars in equity.

Given the situation facing his client, he requested Mr. Kaplowitz and he try to settle the matter. The call was adjourned until October 11, 2019, so counsel could confer. Counsel did confer but were unable to reach any agreement.

Mr. Soven, Mr. Kaplowitz, and Ms. Kapulina-Filina were all on the subsequent October 11, 2019 conference call with this Arbitrator. During that call, Mr. Soven notified the Arbitrator that with Mr. Thompson's agreement, he was withdrawing from the case. In response to that

announcement, and to avoid Fifth Amendment issues but hopefully move the case forward, counsel for Claimant, Mr. Kaplowitz, offered to hold Claimant's outstanding discovery requests in abeyance, and to withdraw its outstanding Requests for Admission. Mr. Kaplowitz proposed instead he would issue new Requests for Admission that in his opinion would not implicate Mr. Thompson's Fifth Amendment rights. He suggested Mr. Thompson, who would now be representing himself, could respond to those Requests for Admission by October 31, 2019 and a follow up further conference call be scheduled for November 4, 2019.

That proposal was accepted by the Arbitrator and it was agreed that the proposed schedule would be implemented. Mr. Soven agreed he would inform Mr. Thompson of the new schedule and would provide the Arbitrator with both a mailing address and an email address at which Mr. Thompson could be served. On October 14, 2019, an email memorializing the agreement was sent to Mr. Thompson at the address provided by Mr. Soven.

On Monday, November 4, 2019, the call was held. Mr. Thompson participated in the call without counsel. Mr. Thompson acknowledged he received the email notification but did not file a response to the new Requests for Admissions. He stated he had tried but was unable to retain counsel for this matter. He also reiterated what Mr. Soven had stated, that counsel representing him in his criminal matter had advised him to assert his Fifth Amendment rights and not answer the Requests for Admission. In response, Counsel for Claimant requested the Requests for Admission be deemed admitted, and the arbitration move forward.

Because Mr. Thompson was newly representing himself, this Arbitrator declined to grant Claimant's request. Instead, Mr. Thompson was advised if he wished the Stay to continue, he could not just so state in this phone call. He would need to file a written request. He was also advised that he had to file a written response to the Request for Admissions, indicating any grounds for not answering. Both responses were to be filed on or before November 11, 2019, when another conference call would be held. An Order summarizing what was discussed during the call was issued by this Arbitrator the same day, November 4, 2019.

Mr. Thompson's response was received on November 8, 2019. It consisted of a letter from his criminal counsel Federal Public Defenders Peggy Cross-Goldenberg and Marisa L. Cabrera. Upon receipt of his copy, on November 10, 2019, counsel for Claimant, Seth Kaplowitz, Esq., requested that the call scheduled for November 11, 2019 be postponed, and he be given time to file a response on behalf of Claimant. This Arbitrator agreed and the conference call was rescheduled to November 20, 2019.

Claimant filed its response on November 18, 2019. Claimant's response argued that Mr. Thompson had failed to file specific and legally sufficient reasons why he should be granted a stay in violation of the Arbitrator's Order of November 4, 2019. Mr. Thompson's response

consisted of a two-page letter from his counsel in the criminal matter. The letter stated that for the reasons previously stated by Mr. Soven, and "more recent developments in the criminal case," Mr. Thompson had been advised to assert his Fifth Amendment rights. The letter went on to state that the "facts and allegations related to this proceeding are subsumed within the allegations in the criminal case," and further referenced discovery that had been provided by the United States Attorney's Office which included "Records produced by Caleb and Brown Pty. Ltd."

Claimant points out the letter cites a Second Circuit bankruptcy case in support of their request for a stay. Claimant on the other hand relies on the six-part inquiry set forth in *In Re Adelphia Communs. Sec. Litig.*, No. 02-1781, 2003 US Dist. LEXIS 9736 (E.D. Pa. May 13, 2003) to determine how a court should exercise its judgment in determining whether to grant a stay. Claimant asserts an examination of the six factors results in the conclusion a stay should not be granted. This Arbitrator examined and weighed the same factors and disagrees.

Claimant has consistently opposed any stay on the grounds it would be prejudicial to Claimant. Claimant has also argued there is not a significant overlap of issues with the criminal matter. Claimant has cited to a screen shot Mr. Thompson provided in an email to Claimant, which indicated he allegedly held Claimant's funds in a Morgan Stanley escrow suspense account specifically for Claimant but could not return them because of pending matters. Previously, however, in Proposed Findings of Fact in the civil Federal litigation in the Symphony case, Mr. Thompson asserted a contradictory position.

The original Statement of Claim in this case did not name Mr. Thompson individually, only Volantis. Claimant successfully argued to this Arbitrator in a Motion to Amend, vigorously contested by Volantis' then counsel Mr. Soven, that Mr. Thompson was the alter ego of Volantis and should be subject to personal liability and arbitrability. After receiving this Arbitrator's favorable ruling, the Statement of Claim was amended to include Mr. Thompson individually. Claimant's Motion to Amend and its Amended Statement of Claims asserted Respondent Thompson provided conflicting statements regarding the handling and whereabouts of Volantis' funds, and commingled those funds in violation of the Escrow Services Agreement, with the very same funds at issue in the criminal matter. Claimant is now arguing the screen shot should be sufficient grounds for this Arbitrator to find there is insufficient evidence the cases are related and therefore the arbitration should go forward.

This arbitrator is not unsympathetic to Claimant's frustration with the delays in this matter. However, after reviewing the submissions of the parties and all matters of record as relayed to the parties in a conference call on November 20, 2019, it is the decision of this Arbitrator that **the Renewed Motion to Stay is GRANTED.** Mr. Thompson's Assistant Federal Defenders,

Peggy Cross-Goldenberg and Marisa L. Cabrera, will notify the Arbitrator of the status of the criminal case every sixty days going forward until it is completed.

Respectfully submitted.

___11/25/2019___
Date

___[signature]___
Hon. Patricia McInerney (Ret.)
Arbitrator

## PROOF OF SERVICE BY EMAIL & U.S. MAIL

Re: Caleb & Brown Pty. Ltd vs. Volantis Escrow Platform LLC et al
Reference No. 1450005984

  I, Alyssa DeTreux, not a party to the within action, hereby declare that on November 25, 2019, I served the attached Order Re Renewed Motion to Stay on the parties in the within action by Email and by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at Philadelphia, PENNSYLVANIA, addressed as follows:

Seth Morgan Kaplowitz Esq.
Darya Kapulina-Filina Esq.
Kaplowitz Firm PC
1359 Broadway
Suite 2001
New York, NY 10018
Tel: 212-391-9693
Email: seth@kaplowitzgroup.com
darya@kaplowitzgroup.com
 Parties Represented:
 Caleb & Brown Pty. Ltd

Mr. J. Barry Thompson
Volantis Escrow Platform, LLC
131 West Burke Street
Easton, PA 18042
Tel: 917-362-5168
Email: Barry@jbthompson.com
 Parties Represented:
 J. Barry Thompson (alter ego of Volantis)
 Volantis Escrow Platform, LLC

  I declare under penalty of perjury the foregoing to be true and correct. Executed at Philadelphia, PENNSYLVANIA on November 25, 2019.

*[signature]*
Alyssa DeTreux
ADeTreux@jamsadr.com

# EXHIBIT B

↩ Reply all | ⌄    🗑 Delete    Junk | ⌄    •••                                          ✕

# Re: Caleb and Brown v. Volantis

  Peggy Cross-Goldenberg                                           ↩ Reply all | ⌄
Mon 10/5, 4:04 PM
Patricia McInerney <PMcInerney@jamsadr.com>; Seth Kaplowitz <seth@kaplowitz> ⌄

Sent Items

Label: Purge Old Mail (20 years) Expires: 9/30/2040 4:04 PM

Good afternoon,

That is correct, Your Honor.

Thank you,
Peggy

_____

Peggy Cross-Goldenberg, Esq. (she/her/hers)
Supervising Trial Attorney and Director of Training
Federal Defenders of New York, Inc.
52 Duane Street, 10th Floor
New York, NY 10007
646-588-8323 (cell phone)
212-571-0392 (fax)
peggy_cross-goldenberg@fd.org

---

**From:** Patricia McInerney <PMcInerney@jamsadr.com>
**Sent:** Monday, October 5, 2020 10:42 AM
**To:** Seth Kaplowitz; darya@kaplowitzgroup.com; Peggy Cross-Goldenberg; Barry@jbthompson.com
**Cc:** Alyssa DeTreux
**Subject:** Caleb and Brown v. Volantis

Mr. Kaplowitz, I am in receipt of your letters. I am assuming the three counts are remaining open until sentencing and then will be withdrawn . It would be at that time that the criminal case would be concluded. I will ask Ms. Cross-Goldenberg to confirm that.

Hon. Patricia McInerney (Ret.)
Mediator & Arbitrator
JAMS
1717 Arch Street
Suite 3810
Philadelphia, PA 19103