UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CALEB AND BROWN PTY. LTD.,

               Plaintiff,

-against-

JON BARRY THOMPSON et al.,

               Defendants.

---

20 Civ. 8612 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    Plaintiff Caleb and Brown Pty. Ltd. ("Plaintiff" or "Caleb and Brown") commenced this action asserting claims under state law and the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1962(c) against, among other defendants, Lee Jason Ratner ("Defendant").  Plaintiff filed its complaint on October 15, 2020,[1] and subsequently filed an affidavit of service indicating that the complaint was served on Defendant on November 10, 2020.[2]  After Defendant failed to respond to the complaint, Plaintiff obtained a Clerk's Certificate of Default[3] as to Mr. Ratner and moved for default judgment.

    Before the Court is Plaintiff's motion for default judgement pursuant to Fed. R. Civ. P. 55(b)(2) (dkt. no. 42),[4]

---

[1] (See Complaint, dated Oct. 15, 2020 [dkt. no. 1].)
[2] (See Affidavit of Service, dated Nov. 10, 2020 [dkt. no. 25].)
[3] (See Clerk's Certificate of Default, dated Dec. 3, 2020 [dkt. no. 32].)
[4] (See Proposed Order to Show Cause for Default Judgment, dated Dec. 19, 2020 [dkt. no. 42]; see also Plaintiff's Memorandum of

1

which Defendant has opposed upon receipt of the Court's order to show cause.[5]  Defendant cross moves to vacate the Clerk's Entry of Default,[6] which Plaintiff likewise has opposed.

For the reasons described below, Plaintiff's motion for default judgement (dkt. no. 42) is DENIED, and Defendant's cross-motion to vacate the Clerk's Entry of Default (dkt. no. 50) is GRANTED.

I. **Applicable Law**

1. **Federal Rule of Civil Procedure 55(a)-(b)**

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Where Plaintiff's claim is not for a sum certain, "the party must apply to the court for a default judgment."  Fed. R. of Civ. P. 55(b).  "A court may not properly enter a default judgment unless it has jurisdiction over the person of the party against

---

Law in Reply to Ratner's Opposition to Plaintiff's Motion for Default Judgment and in Opposition to Ratner's Cross Motion to Vacate the Clerk's Certificate of Default ("Pl. Opp."), dated Jan. 27, 2021 [dkt. no. 55].)

[5] (See Order to Show Cause for Default Judgement Against Lee Jason Ratner ("Order to Show Cause"), dated Dec. 22, 2020 [dkt. no. 43].)

[6] (See Notice of Cross Motion, dated Jan. 20, 2021 [dkt. no. 50]; Memorandum of Law in Opposition to Default Motion and in Support of Cross-Motion to Vacate ("Def. Mot."), dated Jan. 20, 2021 [dkt. no. 51].)

whom the judgment is sought, 'which also means that he must have been effectively served with process.'" Lian Qing Yu v. 58 Asian Corp., No. 16-CV-7590 (AJN), 2018 WL 1415214, at *1 (S.D.N.Y. Mar. 20, 2018) (quoting Copelco Capital, Inc. v. Gen. Consul of Bol., 940 F. Supp. 93, 94 (S.D.N.Y. 1996)).  Although a court has "no judicial discretion when considering a jurisdictional question such as the sufficiency of process," "when confronted with equally reliable but conflicting accounts, courts should resolve any doubts in favor of the party seeking relief."  Am. Inst. Of Certified Pub. Accountants v. Affinity Card, Inc., 8 F. Supp. 2d 372, 375-76 (S.D.N.Y. 1998) (citing Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993), and Sony Corp. v. Elm State Elec., Inc., 800 F.2d 317, 320 (2d Cir. 1986)).  "Once a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service."  Commer v. McEntee, 283 F. Supp. 2d 993, 997 (S.D.N.Y. 2003) (quoting Howard v. Klynveld, 977 F. Supp. 654, 658 (S.D.N.Y. 1997)).

    Under Federal Rule of Civil Procedure 4, an individual may be served by (1) personally delivering to the individual a copy of the summons and complaint personally; (2) leaving the complaint and summons at the individual's "dwelling or usual place of abode with someone of suitable age and discretion who resides there"; (3) delivering a copy of the complaint and

3

summons to an agent authorized to receive service of process; or (4) in a manner prescribed by state law.  Fed. R. Civ. P. 4.

### 2. **Federal Rule of Civil Procedure 55(c)**

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c); see Enron Oil, 10 F.3d at 95 ("After default or a default judgment has been entered, Rule 55(c) grants a litigant the right to petition to set either aside.").  "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party."  Id. at 96.  Good cause under Rule 55(c) "should be construed generously," and "[t]he dispositions of motions for entries of defaults . . . and relief from the same under Rule 55(c) are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case . . . ."  Id. at 95-96.  "In determining whether to vacate a default or default judgment, the Court must consider three factors: '(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented.'"  Del Med. Imaging Corp. v. CR Tech USA, Inc., No. 08 Civ. 8556 (LAP), 2010 WL 1487994, at *4 (S.D.N.Y. Apr. 13, 2010) (citing Enron Oil, 10

4

F.3d at 96). "The Court may also consider 'whether the entry of default would bring about a harsh or unfair result.'"  Id.

## II. Discussion

Defendant contends that the Court should not enter default judgment because Mr. Ratner purportedly was never served with a summons in this action and that, in any case, good cause exists here to vacate an entry of default.

### 1. Sufficiency of Service

Plaintiff contends that Mr. Ratner was served with a copy of the Summons and Complaint on November 10, 2020 by personal delivery.  Plaintiff points to the process server's affirmation stating that Mr. Ratner was served personally with a summons and complaint in New Canaan, Connecticut on November 10, 2020 at 6:30 p.m.  (Affirmation of Service, filed Nov. 30, 2020 [dkt. no. 25].)  Accordingly, Mr. Ratner's time to respond to the Complaint lapsed on December 1, 2020.

Mr. Ratner disputes this account.  He contends that he was never in fact served personally with a summons and that the Clerk's certificate of default should be vacated as a result. In support of his motion to vacate, Mr. Ratner submits an affidavit in which he states that he was never served in Connecticut on November 10, 2020 at 6:30 p.m. (Def. Mot. at 4-5; Ratner Decl. ¶¶ 4, 6), which is the time the process server's affidavit states that he served Mr. Ratner.  Mr. Ratner claims

5

that, although he does not remember the evening of November 10, 2020 specifically, he typically does his grocery shopping between 6:00 p.m. and 7:00 p.m. and believes that he was not home at the time the process server states that service was effected. (Def. Mot. at 4; Ratner Decl. ¶ 7). Plaintiff contends that Mr. Ratner's attestation that he typically shops for groceries in the evenings cannot to rebut a sworn statement from an uninterested process server (see Pl. Reply at 3.)

The Court finds that Mr. Ratner's challenge to the adequacy of service is sufficient to vacate the Clerk's entry of default in this instance. The process server's attestation submitted by Plaintiff provides few details, none about the person who was served with the summons and complaint. By contrast, Mr. Ratner has provided a more detailed account according to which he says he was never served with process, typically is out of his home grocery shopping during the hours in which service was allegedly effected, and has submitted supporting documentation showing a grocery store transaction on the date the process server states that Mr. Ratner was served. Although this by no means shows conclusively that Mr. Ratner was not served, at a minimum it amounts to "a believable 'conflicting account[ ]' of service of process, and this Court is therefore obligated to resolve its

doubts in favor of the Defendant[]."[7]  Lian Qing Yu, 2018 WL 1415214 at *3 (quoting Am. Inst. Of Certified Pub. Accountants, 8 F. Supp. 2d at 375-76).

Accordingly, Mr. Ratner's cross motion to vacate the clerk's entry of default is granted.

2. **Vacating the Entry of Default**

Independent of the issues with service, upon consideration of the Enron Oil factors described above the Court finds that good cause exists to vacate the Clerk's entry of default under FRCP 55(c).

First, Mr. Ratner's default was not willful.  "A default should not be set aside when it is found to be willful."  Action

---

[7] The cases that Plaintiff cites do not compel the opposite result.  In Old Republic Ins. Co. V. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 56 (2d Cir. 2002), the process server's sworn affidavit stated that the served individual was identified to him by company security as a company officer, and defendant's affidavit, submitted thirteen years after default judgment was entered, failed to contradict any of these "specific facts." Id.  Moreover, in Old Republic, the Court of Appeals found that there was "ample evidence" from which the district court could conclude that Defendant's affidavit was not credible.  In Leung v. New York Univ., No. 08-CV-05150 (GBD), 2016 WL 1084141, at *8 (S.D.N.Y. Mar. 17, 2016), there was no dispute that an agent for Defendant actually accepted service of process.  And in CIT Bank, N.A. v. Nwanganga, 328 F. Supp. 3d 189 (S.D.N.Y. 2018), the Defendant did not file a sworn denial of the receipt of service to rebut the Affidavit of Service, id. at 99.  By contrast, here Mr. Ratner has submitted a sworn refutation of service in response to an affidavit of service generally lacking in detail.

7

S.A. v. Marc Rich & Co., 951 F.2d 504, 507 (2d Cir. 1991). "'Willfulness,' in the context of a default, refers to conduct that is more than merely negligent or careless." Walden v. Lorcom Techs., Inc., No. 05-CV-3600 (ARR)(RER), 2007 WL 608151 at *3 (E.D.N.Y. Feb. 23, 2007) (emphasis in original) (citing Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996)). "Courts in this District have noted that the relevant inquiry for determining willfulness is the defaulting party's actions after it became aware of the existence of the litigation or entry of default." Parisienne v. Heykorean, Inc., No. 19-CV-2257 (VSB), 2019 WL 6324632, at *2 (S.D.N.Y. Nov. 26, 2019) (quoting In re FKF 3, LLC, 501 B.R. 491, 502 (S.D.N.Y. 2013). In this Circuit, "a defendant's prompt application for a motion to set aside an entry of default suggests that the default was not willful." Johnson v. New York Univ., 324 F.R.D. 65, 70 (S.D.N.Y. 2018), aff'd, 800 F. App'x 18 (2d Cir. 2020).

Mr. Ratner acted expeditiously upon being notified of the order to show cause. After being served with the order to show cause on December 28, 2020, Mr. Ratner retained counsel and filed his motion on January 20, 2021. Courts have found a defendant's action in response to notice of default to mitigate a finding of willful default under similar circumstances. See e.g., Swarna v. Al-Awadi, 622 F.3d 123, 143 (2d Cir. 2010) (finding default was not willful where defendant retained

8

counsel one day after receiving plaintiff's motion for default judgment and one week later filed for an extension of time to respond); Parisienne, 2019 WL 6324632 at *2 (finding no prejudice where plaintiff moved to vacate default nine days after it purportedly learned of the action).  Accordingly, the Court finds that Defendant has shown that his default was not willful.

Second, and for similar reasons, Plaintiff has not established prejudice sufficient to preclude vacatur of the entry of default.  "[D]elay standing alone does not establish prejudice sufficient to defeat a motion to vacate a default." Enron Oil Corp., 10 F.3d at 98.  Here, Plaintiff does not argue that the delay caused by Defendant's failure to respond to the complaint "will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion," the showing that courts require to find sufficient prejudice.  See Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983) (internal quotation marks and citation omitted). Moreover, this Court has recognized that "it would be almost impossible to establish [ ] prejudice' where the defaulting party 'filed an appearance with the Court less than one month after [the non-defaulting party] filed its motion for a default judgment.'"  Johnson, 324 F.R.D. at 71 (quoting Sea Hope Navigation Inc. v. Novel Commodities SA, 978 F. Supp. 2d 333,

9

339 (S.D.N.Y. 2013)).  Given that Defendant's counsel filed a notice of appearance (dkt. no. 54) and his motion on January 20, 2021, less than a month after receiving notice of the order to show cause (dkt. no. 44), Plaintiff has not established sufficient prejudice here barring vacatur of the entry of default.

Third, and finally, Mr. Ratner has advanced defenses that could prove meritorious in opposing Plaintiff's complaint.  On a motion to vacate, a movant need not show that its meritorious defense "will carry the day," Enron Oil Corp., 10 F.3d at 98, but must show that "the evidence submitted, if proven at trial, would constitute a complete defense."  Id.  "A defense is meritorious if it is good at law so as to give the fact finder some determination to make."  Am. Alliance Ins. Co., 92 F.3d at 61 (citation omitted).

Here, Defendant meets this "low threshold."  Parisienne, 2019 WL 6324632 at *3 (quoting Johnson, 324 F.R.D. at 72).  As to the RICO claims alleged in the complaint, Ratner contends that he resigned his position and ceased any involvement with the defendants on July 13, 2018, (Ratner Decl. ¶ 11), prior to the wrongdoing alleged in the complaint.  If this fact was proven at trial it would constitute a complete defense.  Moreover, as Defendant notes, in the event that Plaintiff's RICO claims fail, the Court could decline to exercise supplemental

10

jurisdiction over the state law claims. (Def. Mot. at 18.); Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC, 286 F. Supp. 3d 634, 655 (S.D.N.Y. 2017). At this stage, the Court finds that Mr. Ratner adequately states a defense for purposes of a Rule 55(c) set aside of an entry of default.

Accordingly, the Court finds that good cause provides a sperate basis for vacating the entry of default and warrants allowing Mr. Ratner the opportunity to file a responsive pleading.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for default judgement (dkt. no. 42) is DENIED, and Defendant's cross-motion (dkt. no. 50) to vacate the Clerk's Entry of Default (dkt. no. 34) is GRANTED.

Mr. Ratner shall answer or otherwise respond to the complaint no later than October 6, 2021.

**SO ORDERED.**

Dated:   New York, New York
         September 16, 2021

*Loretta A. Preska*
_____
LORETTA A. PRESKA
Senior United States District Judge